IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Levon Petrosyan, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:13-cv-2990-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Delfin Group USA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") (ECF No. 31) of the United States Magistrate Judge recommending that the Court grant Defendant Delfin Group USA LLC's ("Defendant") Motion to Dismiss ("Motion") (ECF No. 21) as to Plaintiff's claims for hostile work environment, disparate treatment, and breach of contract, and deny Defendant's Motion with respect to Plaintiff's retaliation claim. Plaintiff timely filed Objections to the R&R as to the disparate treatment claim only. (ECF No. 33). Having reviewed the entire record, including Plaintiff's Objections and Defendant's Reply to Plaintiff's Objections (ECF No. 34), the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

This action is one of nine separate employment-discrimination cases against Defendant, all of which were assigned to United States Magistrate Judge Bristow Marchant. Plaintiff, a former employee of Defendant, is of Armenian nationality and asserts federal civil rights claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, as well as a state law breach of contract claim. Defendant is a producer of synthetic

motor oils. Plaintiff was employed as an operator in Defendant's blow-molding unit until his termination on March 5, 2012. The basis for Plaintiff's Title VII and § 1981 claims are that John Gordon, Defendant's President, demonstrated a "pattern of discriminatory treatment towards Armenians" and made a "number of [demeaning] racial comments" towards Plaintiff. (Am. Compl. ¶¶ 24–25). Plaintiff further alleges that Gordon reassigned Armenian workers to menial tasks and terminated them in disproportionate numbers. Plaintiff also claims that he was "wrongfully" terminated. (*Id.* ¶ 33).

On November 1, 2013, Plaintiff filed the original Complaint in this Court. On February 3, 2014, the Defendant filed its first Motion to Dismiss. On February 6, 2014, this case was reassigned to the undersigned United States District Judge. On March 21, 2014, Plaintiff filed an Amended Complaint. On April 7, 2014, Defendant filed a Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Response on April 28, 2014. Defendant filed a Reply on May 7, 2014. On October 8, 2014, the Magistrate Judge recommended that the Defendant's Motion be granted in part and denied in part. Plaintiff timely filed Objections to the R&R and Defendant timely filed its Reply to Plaintiff's Objections. The R&R is ripe for consideration.

## STANDARD OF REVIEW

### I. Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served a copy of the R&R. 28 U.S.C. § 636(b)(1)(B). This Court is

charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered, and the Court may accept, reject, or modify the R&R's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive additional evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection—or as to those portions of the R&R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R&R, the Court need not provide any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**II.  Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court "articulated a 'two-pronged approach' to assessing the sufficiency of a complaint." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009)).  First, the complaint must "contain factual allegations in addition to legal conclusions."  *Id.*  Under Rule 8's pleading standard, "a formulaic recitation of the elements of a cause of action will not do," *id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Second, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success.  *Id.*  Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

When ruling on a Rule 12(b)(6) motion to dismiss, the trial judge must accept as true all of the facts alleged in the plaintiff's complaint and construe all reasonable inferences in favor of the plaintiff.  *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*, 556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.'"  *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Thus, although the court must accept a plaintiff's well-

pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court. *Iqbal*, 556 U.S. at 679.

## **ANALYSIS**

Plaintiff alleges three claims under both Title VII and § 1981 in his first two causes of action: retaliation, hostile work environment, and disparate treatment. Plaintiff also alleges a breach of contract claim. Plaintiff filed Objections as to the disparate treatment claim only.

Plaintiff's claim for disparate treatment is based on his allegation that Defendant's President John Gordon: (1) displayed a pattern of discriminatory treatment towards Armenians, including making disparaging comments, reassigning Armenians to menial positions, and discharging them in disproportionate numbers; (2) made demeaning racial comments to Plaintiff; and (3) wrongfully terminated Plaintiff. The Magistrate Judge found that Plaintiff failed to set forth sufficient factual allegations to state a claim for disparate treatment. Specifically, the Magistrate Judge found that Plaintiff's allegations were conclusory, generalized, and lacking in specifics. On this basis, the Magistrate Judge recommended that Defendant's Motion be granted with respect to this claim. In his Objections, Plaintiff's sole argument that his disparate treatment claim should not be dismissed is that the plaintiffs in seven other related cases have stated a claim for disparate treatment and that fact evinces a "clear pattern of disparate treatment," making dismissal of Plaintiff's claim "inconsistent with the other cases." (Pl.'s Objections 2).

In point of fact, in three of the seven cases to which Plaintiff alludes in his Objections, this Court found that the plaintiffs had *not* stated a claim for disparate treatment and dismissed

their claims.[1] However, whether plaintiffs in other cases have stated claims for disparate treatment, based on the specific allegations of their respective complaints, is wholly irrelevant to whether Plaintiff has stated a claim. Ultimately, after a comprehensive review of the record and of the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that Plaintiff's Objections are without merit. Accordingly, the Court adopts this portion of the R&R and hereby grants Defendant's Motion as to Plaintiff's claim for disparate treatment.

## CONCLUSION

Therefore, for the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is **ORDERED** that Defendant's Motion is **DENIED** with respect to Plaintiff's retaliation claim under Title VII and § 1981. It is **FURTHER ORDERED** that Defendant's Motion is **GRANTED** with respect to Plaintiff's claims for disparate treatment, hostile work environment, and breach of contract.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 18, 2015**
**Charleston, South Carolina**

---

1. 2:13-cv-02421-PMD-BM; 2:13-cv-02991-PMD-BM; 2:13-cv-03013-PMD-BM.